JESSICA ANNE MARIE FOUST,
#17179507
82911 Beach access Rd.
Umatilla, OR 97882
Plaintiff, *pro se*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| JESSICA ANNE MARIE FOUST | ) |
| | ) CASE NO.  2:23-cv-01228-MK |
| | ) |
| Plaintiff | ) 42 U.S.C. 1983 (violation of civil rights |
| | ) under color of law), Americans with |
| v. | ) disability's ACT 42 U.S.C. 12101 et seg. |
| | ) and the vulnerable persons Act |
| the state of Oregon ; | ) ORS 124.100 |
| Reyes, Superintendent of TRCI; | ) |
| Rumsey assistant superintendent | ) |
| of security; | ) |
| Capt. Archer TRCI; | ) |
| | ) |
| | ) |
| all sued in their individual and | ) VERIFIED COMPLAINT |
| official capacities, | ) |
| defendants. et al., | ) JURY TRIAL DEMANDAD |

### JURISDICTION AND VENUE

1.    This action arises under 42 USC § 1983.

2.    This Court has subject matter jurisdiction under 28 USC §§ 1331 and 1343(a)(3).

3.    This Court has personal jurisdiction over each and every Defendant because they are residents of Oregon who are employed in Oregon and acting under color of state law during all relevant times.

### PARTIES

5.    **Plaintiff JESSICA FOUST** is a transgender woman with gender dysphoria, who has been in ODOC custody since June 2008. Since that time, Ms. FOUST has been housed in multiple ODOC facilities: Snake River Correctional Institution (SRCI), Two Rivers Correctional Institution (TRCI), Oregon State Penitentiary (OSP), and Oregon State Correctional Institution (OSCI). Ms. FOUST is currently

housed at TRCI with an earliest release date of August 30, 2036. Plaintiff meets the criteria of a Vulnerable Inmate as defined by ODOC Policy 40.1.13. and falls under the **(ADA)** Americans with disabilities act do to her PTSD, anxiety, learning disability, and her gender dysphoria.

6.     **defendant THE STATE OF OREGON,** operates the ODOC facilities. The state of Oregon is Obligated to ensure the safety of the Adults in custody (AIC) within its facilities.

7.     **Defendant Aaron REYES**, is and was at all times relevant, Superintendent, for Two Rivers Correctional Institution (TRCI), in charge of, *inter alia*, all institutional personal management practices, including: employee work analysis and performance evaluations, staff mentoring, staff training programs, grievance procedures, disciplinary actions all consistent with Departmental mission and goals. Defendant REYES had a duty to ensure the provision of adequate medical care to prisoners, and to reasonably protect prisoners facing a substantial risk of physical harm, including through the implementation of policies and the training and supervision of ODOC staff. Defendant REYES is among those responsible for violating the plaintiff's constitutional rights. Plaintiffs are suing her in her individual and official capacity.

8.     **Defendant RUMSEY**, is and was at all times relevant, assistant Superintendent of security, for Two Rivers Correctional Institution (TRCI), in charge of, *inter alia*, all institutional personal management practices, including: employee work analysis and performance evaluations, staff mentoring, staff training programs, disciplinary actions, all consistent with Departmental mission and goals. Defendant RUMSEY had a duty to ensure the provision of adequate medical care to prisoners, and to reasonably protect prisoners facing a substantial risk of physical harm, including through the implementation of policies and the training and supervision of ODOC staff. Defendant RUMSEY is among those responsible for violating the plaintiff's constitutional rights. Plaintiffs are suing him in his individual and official capacity.

9.     **Defendant ARCHER**, is and was at all times relevant the OIC Captain at TRCI. Defendant ARCHER is responsible for managing compliance to the rules and regulations among the officers he over sees. Defendant ARCHER had a duty to ensure the provision of adequate medical care to prisoners, and to reasonably protect prisoners facing a substantial risk of physical harm. Defendant ARCHER is among those responsible for violating the plaintiff's constitutional rights. Plaintiffs are suing in him individual and official capacity.

## Factual Allegations

10.     Plaintiff suffers from severe mental illness (SMI), she has been diagnosed with manic depression, suicidal Ideation, attention daffiest hyper activity disorder (ADHD), Bi-polar disorder, Anxiety, and PTSD, plaintiff suffers gender dysphoria which is a qualified disability and she is hearing impaired which also is a qualified disability.

11.     Plaintiff also suffers from loss of sleep, Obesity, high blood pressure, chronic headaches, eye sight deterioration, poor memory, exhaustion, and an increased risk of heart disease all of which are

known to be caused by or exacerbated by constant exposure to lights, and has been supported by the medical community, and the courts.

12.   The medical community has named this "light toxicity", light toxicity is when a person is over exposed to lights and or lighting. The medical field has linked light toxicity to sleep deprivation, anxiety, depression, obesity, and more. light toxicity has been used by TRCI as a form or torcher/punishment and plaintiffs' medical issues are negatively affected in her everyday life and has caused her difficulty's in managing her activities in her daily living.

13.   plaintiff has attempted suicide on numerous occasions since her incarceration, and as a result of a series of cumulative events including being perpetually worn down, depressed, tired, and angry over the constant bright lights that negatively affect her she has self-harmed by cutting on herself with razor blades in the attempt to alleviate her mental suffering brought on by the cell lights, and lighting in the prison, all of which was and has been noted by BHS and observed by mental health staff.

14.   on or about October 13th 2021 plaintiff was transferred from OSCI (Oregon State Correctional Facility) to TRCI, the plaintiff was so over come with depression and anxiety over being made to go back to TRCI she attempted suicide before her transfer that resulted in her being medically transferred to the hospital via ambulance because she had severed an artery in her leg with a razor blade.

15.   while incarcerated at TRCI plaintiff has suffered ongoing abuses, retaliation, and improper treatment from TRCI staff due to the policies and procedures in place at TRCI which are contrary to state and federal law and are on-going as of this date.

16.   the cell lights at TRCI contains two approximately four-foot-long LCD light tubes for the main lights, and two approximately four-inch LCD tubes for the so-called night lights. These lights are approximately nine feet from the plaintiff's head while laying down on her bed, in the cell that is approx. twelve by seven feet.

16.   the walls in the ceiling are painted in a high glossy white paint that is reflective, and creates an amplification of the lights that creates the affect of living in a virtual light box. Both sets of lights are extremely bright (beyond security needs) and deprive plaintiff of sleep, causes her severe migraines and headaches, eye strain that has led to the need for glasses, and exacerbates plaintiffs physical and mental impairments as described in this complaint. Increasing suicidal ideations, and self-harm.

17.   constant illumination 24/7 is known to disrupt the circadian rhythm of the human body. Plaintiff often covers her eyes with cloth or clothing or other items she can find while sleeping in the attempts to block out the light, but this does little good as the light permeates the covering.

18.   light is also absorbed through the skin, increasing light toxicity. Plaintiff is especially sensitive to lights do to her mothers use of methamphetamines while pregnant with the plaintiff, the plaintiff suffers from an eye disorder that makes her pupils hyper dilated, and sensitive to light and bright colors.

19.   plaintiff is further affected do to her mental health disability's, and the "constant illumination". All defendants are or should be aware that the law is already clearly established concerning "constant 24/7 illumination and that it has been declared unconstitutional by the ninth circuit court of appeals along with most all other courts.

20. the defendants have all refused to turn off plaintiffs' lights after being notified about the damages being done.

21. general population cells at TRCI are equipped with on/off light switches that the inmates can use but staff can over-ride at will, that prevents the AIC from using the light switch. This constant illumination is punitive in nature and intended solely to harshen living conditions as the main four-foot bright lights are randomly turned on at all hours of the day and night. Staff turn the bright lights on every morning at 6:00 am to about 8:00 am so that inmates are woken up with a "floodlight" to the face. Staff then turn the bright lights on every 30 minutes for approximately 5-15 minutes "to do their tier checks", and they often leave the lights on claiming they forgot to turn them off some times for an hour or more. The bright lights are turned on at every meal time, for an hour or more and they are turned on at every two-way line movement where inmates' cells are opened and they are allowed to go to there cells for approximately 5 minutes to use the bathroom at which time the plaintiff who is a female is forced to use the restroom in a well illuminated cell for all the males to see because the doors are left open while at dayroom. on units where they are on split tier such as Ms. Foust's unit (unit 8 where she is currently housed at TRCI) they turn on the lights in the inmate's cells, that are not at dayroom. It is possible for staff to not to do this, but it is often done simply to torcher the inmates. Staff will also turn on the lights in the cell when they want to harass AIC's and will turn them off and on over and over, this senseless abuse of the lights is torcher and the AIC's have no way to stop this because staff override the in-cell light switch. the nightlights that are used are subjecting Ms. Foust to light toxicity, because she is never afforded the ability to be in actual darkness because there is always a light on in her cell. Staff at OSP, SRCI, and OSCI do not turn on the cell lights to do a tier check and all AIC's are similarly situated at these facilities.

22. plaintiff has served time at OSP and OSCI both of these facilities have their walls in the cells painted a softer tannish pastel color and the lights are small florescent soft lightbulbs that are not controlled by staff but by the inmates, staff conduct tier checks and count times with a flashlight if needed. And at night there is no nightlight in the cells, staff use their flashlights.

23. the LCD lights at TRCI pose a direct and unique threat to the plaintiff due to the exceptional brightness, they are far brighter than traditional incandescent bulbs or florescent tubes and when used in a tiny cell painted in reflective white paint the effects are far more damaging. Upon working as a unit orderly and cleaning the staff's office Ms. Foust found that staff all have dim florescent tubes in their offices, unlike in the plaintiff's cell. The lights in the main corridors where AIC's and staff regularly traverse between jobs, canteen and to go to and from callouts, etc. are also light by dim florescent tubes. All of the defendants in the case are responsible for implementing and enforcing the practices described herein.

24. Ms. Foust has attempted to resolve this issue thru the grievance system Ms. Foust has properly filed a timely grievance and had her rights to due process violated by defendant Rossi. Defendant Rossi denied Ms. Foust's grievance based upon the fact she has 4 active grievances. This is done in the attempt to render the plaintiff's ability to exhaust her administrative remedies none completed so that the courts will bar the case from being heard but the courts have ruled that TRCI cannot enforce this rule (see case Eaton v. Rossi.) thus, rendering Ms. Foust's grievance process as remedies unavailable. Rossi acted as a goal keeper with the intent to thwart the plaintiff from accessing the courts. Ms. Foust has been denied adequate periods of darkness to sleep and to not be tortured with her cell lights, all

attempts to resolve this issue have been denied. At all times Reyes, Archer and Rumsey were and are directly responsible for implementing and enforcing this uncommon practice with the lights that has so severely effected Ms. Foust. Therefore, they are directly responsible for the injuries and torcher that has been implemented to torcher her and other inmates.

# FIRST CLAIM FOR RELIEF

**CIVIL RIGHTS 42 USC § 1983 (EIGHTH AMENDMENT) AGAINST ALL DEFENDANTs**

25. plaintiff realleges paragraphs 1- 24

26. all of the defendants violated the 8th Amendment prohibition against cruel and unusual punishment by blatantly and intentionally torturing the plaintiff Ms. Foust and causing physical injurie to her health by implementing the use of high gloss paint, as well as excessively bright LCD lights that are installed into the prison's cell's, and abuse the lighting system to cause injury to the plaintiff and (similarly situated persons) as well as to torcher the plaintiff. The defendants knowingly use the lights in excess to torment and cause injury.

27. defendants were and are aware of their actions that are harming Ms. Foust and were made aware by the plaintiff as well but chose to continue their harmful actions to inflict mental and physical injury onto the plaintiff refusing her reprieve from there harmful actions.

28. as a result of defendant's violations of Ms. Foust eighth amendment rights, Ms. Foust suffered extreme mental and emotional damages as well as physical damages. Accordingly, plaintiff is entitled to compensatory and punitive damages against all defendants in an amount to be determined at trial for the violations of 42 USC § 1983.

## SECOND CLAIM FOR RELIEF
### (CIVIL RIGHTS 42 USC § 1983 (SUPERVISOR LIABILITY)) Reyes, Superintendent of TRCI, Rumsey assistant superintendent of security

29.    plaintiff realleges paragraphs 1- 28.

30.    defendant Reyes and Rumsey knew or should have known that by enforcing and engaging in abusive inappropriate misconduct, such as engaging in unprofessional behavior, inflicting mental and physical injury as well as negligence to serious medical needs and that such failure to stop these abusive acts would result in violations of the constitutional rights of the prisoners, including plaintiff Ms. Foust and;

a.    defendants Reyes and Rumsey failed to up keep the institution and provide humane conditions, by implementing and enforcing the abuse of the prisons cell lighting system to inflict mental and physical injury onto the prison population including the plaintiff Ms. Foust.

b.    defendant's negligence in failing to maintain the prison facilities conditions led directly to the plaintiff's injuries.

31.    Defendants failure to manage the prison systems lighting system and enforcing the practice of abuse with the lighting system led to the multiple violations of Ms. Foust's constitutional rights. As a result, Ms. Foust has suffered multiple medical issues as well as mental health issues and suffered mental and emotional damages as well as physical damages.   Accordingly, plaintiff is entitled to compensatory and punitive damages against defendants Reyes and Rumsey in an amount to be determined at trial for the violations of 42 USC § 1983 as well as non- economic damages.

## THIRD CLAIM FOR RELIEF
### (deliberate indifference – AGAINST DEFENDANT STATE OF OREGON)

### THE STATE OF OREGONS ELEVENTH IMUNITY WAIVER

### (291-163-0090. Application of federal Law)

Notwithstanding any provisions in these rules, the applicable federal laws, rules, and regulations shall govern if federal funds are used in the transaction and such laws, rules, and regulations conflict with these rules.

32.   plaintiff realleges paragraphs 1- 31.

33.   plaintiff exhausted her administrative remedies and gave a timely notice of tort;

34.   Defendant state of Oregon was the employer of and thus the state of Oregon's agents and employees had a duty to exercise reasonable care to investigate the complaints made against, Reyes, Rumsey and Archer and to prevent them from doing harm to prisoners such as the plaintiff.

35.   state of Oregon's employees and agents. Including but not limited to Reyes, Rumsey and Archer investigators, captains, Lieutenants, officers, all workers were acting within their scope and course of their agency or employment.

36.   state of Oregon's employees and agents were negligent in one or more of the fallowing particulars:

a.   in tolerating an atmosphere of unprofessionalism, and abuse towards the AIC population.

b.   in failing to properly investigate the complaints of harassment and abuse made against Reyes, Rumsey and Archer that pre-dated the abuse of the plaintiff;

c.   in failing to investigate plaintiff's complaint against Reyes, Rumsey and Archer;

d.   in failing to monitor or otherwise maintain a professional work place and living environment;

e.   in failing to protect the plaintiff from harm.

37.   the state of Oregon breached its duty in that its agents and employees knew or should have known that Reyes, Rumsey and Archer would cause harm to others, including the plaintiff, if not controlled.

38.   in the alternative, the state of Oregon's agents and employees knew or in the exercise of reasonable care should have known their acts and omissions as set forth herein would result in a foreseeable risk of injury to others, including the plaintiff.

39.   as a direct result of the state of Oregon's employees, actors, and agents' negligence, plaintiff suffered physical injury, distress, anxiety, and potential lifelong physical damages.

40.   as a direct and proximate result of defendant's negligence, plaintiff will incur future economic damages for medical bills for treatment of her sever anxiety, and any other medical issues that might arise from the injuries that were incurred do to the negligence herein.

41.     Defendant state of Oregon is liable to plaintiff for economic and noneconomic damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### AMERICANS WITH DISABILITIES ACT (42 USC 12101 et seq)

42.     plaintiff realleges paragraphs 1- 41

43.     plaintiff suffers from mental and physical disabilities (as described in this complaint) that interfere with her major life's activities, including depression, suicidal ideations, ADHD, high blood pressure, severe headaches, sore eyes, dry itchy eyes and the exacerbation of the plaintiff's other mental disabilities, defendants knew or should have known of Ms. Foust's disabilities.

44.     defendants subjected Ms. Foust to discrimination based upon her disabilities and were deliberately indifferent to the need to accommodate Ms. Foust's physical and mental disabilities which effectively deprived the plaintiff of the benefits, services, programs, activates, offered at OSP and OSCI to other prison inmates who are similarly situated to plaintiff including appropriate periods of time in the dark to sleep, dimmer lighting in general, and appropriate access to proper grievance procedures. Plaintiff was otherwise qualified to access these rights.

45.     these unconstitutional conditions are ongoing as of the filing of this complaint.

46.     ODOC/TRCI does receive funding from the federal government.

### PRAYER FOR RELIEF

**WHEREFORE, plaintiff prays for judgment against defendants as fallows;**

1. Award the plaintiff Ms. Foust damages to be proven at trial

2. A declaration that the acts and omissions described herein violate plaintiff's civil rights'

3. A preliminary and permanent injunctive relief ordering defendants to dim the bright lights permanently and to stop turning the lights on in the cells for any reason other than to conduct

count times and to completely turn off all cell lights from 10:00 PM to 6:00 AM, and to order the defendants to put in place a fair and impartial grievance system;

4. For reasonable attorney fees, costs, and disbursements and for such other relief as the law permits and the courts deem just.

5. Ms. Foust hereby demands a jury trial.

## VERIFICATION

IHEREBY VERIFY THAT I HAVE READ ALL OF THE DRAFTED COMPLAINT HERE AND I ALSO VERIFY THAT ALL MATTERS ALLEGEED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF -EXCEPT AS TO ANY MATTERS THAT I HAVE ALLEGED HEREIN THAT WAS BASED ON INFORMATION THAT I RECIVED ON BELIEF-AND AS TO ALL OF THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

I FURTHER VERIFY UNDER PENALTY OF PURJURY THAT ALL OF THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

Dated this day of August 16, 2023

Signature _____

Jessica A.M. Foust #17179507
82911 beach access Rd.
Umatilla, OR 97882

## CERTIFICATION AND CLOSING

Under federal rule of civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needless increase of cost of litigation: (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of rule 11.

Dated this August 22, 2023

signature _____

Jessica Foust #17179507
82911 beach access Rd.
Umatilla, OR 97882

## CERTIFICATE OF SERVICE

**CASE NAME:** _____ v. _____

**CASE NUMBER:** (if known) _____

COMES NOW, _JESSICA FOUST_____, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at <u>Two Rivers Correctional Institution (TRCI)</u>.

That on the _22_ day of _AUGUST_____, 20_23_, I personally gave Two Rivers Correctional Institution's e-filing service A TRUE COPY of the following:

_1983 CIVIL RIGHTS COMPLAINT FOR CELL LIGHTS_

_____
(Signature)

Print Name _JESSICA FOUST_____

S.I.D. No.: _17179507_____

_TRCI_____

Page 1 of 1 – Certificate of Service